IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LESLIE NEWSOME

VS.                                                    CIVIL ACTION NO. 2:05CV2043-KS-JMR

CHRYSLER FINANCIAL SERVICES, LLC,
DUB HERRING DODGE, ET AL

ORDER GRANTING MOTION TO DISMISS

This cause is before the Court on [4][20] Motions to Dismiss for Lack of Jurisdiction, replies thereto, and the Court after considering same and the memoranda supplied by the respective parties, does hereby find that the Motions to Dismiss should be **sustained** without prejudice for the following reasons.

**FACTUAL BACKGROUND**

The Complaint in this case alleges that Plaintiff, Leslie Newsome, purchased a vehicle from Dub Herring Dodge, Inc., a Mississippi Corporation. Jurisdiction is alleged in the Complaint to be pursuant to § 1332 (Diversity Jurisdiction). Venue is proper in this division. The allegations of the Complaint are that when the Plaintiff executed the motor vehicle installment contract, security agreement and disclosure statement ("the contract") that representatives of Dub Herring Dodge forged her name on the contract indicating that Plaintiff desired credit life insurance and credit disability insurance.

The Complaint alleges the following torts or causes of action:

A.   Fraud and fraud in the inducement;

B.   Misrepresentation;

C.   Breach of fiduciary duty and breach of duty of good faith and fair dealing;

  D.  Bad faith breach of contract;

  E.  Negligent and intentional infliction of mental and emotional distress;

  F.  Negligent supervision;

  G.  Negligence;

  H.  Forgery; and

  I.  A count for punitive damages.

The Plaintiff has filed a Motion to Amend the Complaint to allege § 1331 (federal question) jurisdiction, but said motion has not been ruled on and is opposed by the Defendant.

This Court has reviewed the Complaint and the proposed Amended Complaint and it is clear that the basis of this lawsuit is the alleged forgery of the contract by the agents of Dub Herring Dodge, Inc., or other Defendants.

The language of § 1332 clearly provides that federal district courts shall have original jurisdiction for all civil actions where the value of the sum in controversy exceeds $75,000.000 and the controversy is between citizens of different states. Diversity jurisdiction is only proper when each plaintiff has a different citizenship from each defendant. The Plaintiff is a resident of Mississippi and Dub Herring Dodge, Inc., is a resident corporation doing business in Mississippi and, therefore, there is no diversity of citizenship and, hence, no jurisdiction under § 1332.

The Plaintiff in her Amended Complaint alleges jurisdiction under § 1331 (federal question). This Court finds that this case does not involve a substantial federal question because the allegations revolve around allegations of misdeeds by agents of Defendants. These are clearly state law actions and the mere fact that the contract and disclosures were required by federal law does not invoke federal question jurisdiction under § 1331.

The Plaintiff cites case authority that all truth in lending disclosures must be accurate and

that lenders are generally held strictly liable for inaccuracies and this is true. However, this cause of action is not for an inaccuracy but for an alleged forgery.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Motions to Dismiss should be **sustained**. All other motions are therefore moot. The Complaint is dismissed without prejudice. A subsequent order pursuant to Rule 58 will follow.

SO ORDERED AND ADJUDGED on this, the 8th day of March, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE